IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID TYRON JONES, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-2711-X-BK |
| § | |
| SHELBY COUNTY SHERIFF § | |
| DEPARTMENT, ET AL., § | |
|     DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. The Court granted Plaintiff David Tyron Jones' motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

On November 2, 2021, Jones, a former prisoner, initiated this action by filing a *pro se* complaint against the Shelby County Sheriff Department and the Shelby Mob. Doc. 3 at 1. The complaint is difficult to decipher and largely incoherent. Jones asserts that government employees are "locking [him] out of the homeless shelters . . . stopping [his] benefits and trying to kill [him] out in cold and rainee wheather (sic)," because he had previously sued them for killing inmates at the Shelby County Jail in Tennessee to make food for people in Africa. Doc. 3 at 2-4. Jones' allegations are nonsensical and duplicative of claims he has filed in other United States district courts. *See e.g. Jones v. Shelby County Sheriff Dep't*, No. 3:19-CV-715 (M.D.

Tenn. Sep. 6, 2019) (dismissing complaint as frivolous and collecting seven other cases raising similar claims that were previously dismissed as frivolous); *Jones v. Shelby County Sheriff Dep't*, No. 2:19-CV-2433, 2019 WL 3806660 (W.D. Tenn. July 23, 2019), *recommendation accepted*, 2019 WL 3804261, at *1 (W.D. Tenn. Aug. 12, 2019) (same); *see also Jones v. Shelby County Sheriff Dep't*, No. 4:21-CV-397 (E.D. Ark. May 13, 2021) (dismissing as fanciful claims that "the government is operating an African American cannibalism scam and murdering black citizens in county jails and in government hospitals to make food for people in Africa and the United States.").

  Even under the most deferential review, the Court concludes that Jones merely reasserts here his previous claims arising from substantially the same facts and course of events and involving the same defendants.  *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (recognizing that *in forma pauperis* ("IFP") action is duplicative when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff[]").  Consequently, the complaint is frivolous or malicious.  *See Roberson v. Breen*, 444 F. App'x 841, 842 (5th Cir. 2011) (per curiam) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." (citing *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (relating to pending litigation), and *Wilson*, 878 F.2d at 850 (addressing dismissed litigation))); *see also* 28 U.S.C. § 1915(e)(2)(b) (providing for *sua sponte* dismissal of *in forma pauperis* complaint that is frivolous or malicious).

  Moreover, Jones's complaint fails to state a cognizable legal claim or anything that can be construed as such.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  His factual contentions

appear irrational and incredible and fail to support any legal claim. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Consequently, Jones' complaint is also factually and legally frivolous.

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(b).

**SO RECOMMENDED** on November 5, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).